**LOCAL 1239, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS, et al., Plaintiffs,**

v.

**ALLSTEEL, INC., Defendant.**

No. 94 C 3552.

United States District Court,
N.D.Illinois,
Eastern Division.

Dec. 23, 1996.

Leon M. Despres, Thomas Howard Geoghegan, Sarah Vanderwicken, Jeffrey Charles Boulden, Despres Schwartz & Geoghegan, Chicago, IL, for Plaintiffs.

Paul Thaddeus Fox, Robert Kaiser Neiman, Stephen J. Landes, Julie Lynn Schulz, Holleb & Coff, Chicago, IL, Dwight D. Pancottine, Michael T. Roumell, Murphy, Smith & Polk, Chicago, IL, for Defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff Local 1239, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers ("Local 1239"), along with several of its members individually and on behalf of similarly situated members of Local 1239, have sued under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101–2109, alleging that defendant Allsteel, Inc. ("Allsteel") failed to comply with the notification provisions of the Act when it closed a manufacturing facility. Plaintiff Local 1239 now moves for partial summary judgment on liability under Rule 56 of the Federal Rules of Civil Procedure.

### BACKGROUND

The undisputed facts were outlined in this court's opinion of June 7, 1995. *Local 1239 v. Allsteel, Inc.,* 1995 WL 348028, at * 1–2 (N.D.Ill. June 7, 1995) (Grady, J.). In that opinion, we denied defendant's motion for summary judgment on the question of whether the oral notice Allsteel gave Local 1239 on February 24, 1994, was sufficient additional notice under 20 C.F.R. § 639.10(a). We held that Allsteel's failure to give additional notice until at least ten days after the date on which it could have given notice was a violation of the WARN Act. On April 15, 1996, we denied defendant's motion for partial summary judgment on the question of whether, if the oral notice was insufficient, Allsteel was entitled to WARN's "good faith" defense under 29 U.S.C. § 2104(a)(4). *Local 1239 v. Allsteel, Inc.,* 1996 WL 182567 (N.D.Ill. April 15, 1996) (Grady, J.). We held that Allsteel's failure to give proper WARN notice of the final closing date to Local 1239 as soon as possible was unreasonable, and as such, precludes a "good faith" defense.

Plaintiff now moves for partial summary judgment on Allsteel's liability under the WARN Act for failure to give proper written notice of the April 8, 1994 plant closing.

### DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine issue of material fact exists only where there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Wallace v. Tilley,* 41 F.3d 296, 299 (7th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *Tolentino v. Friedman,* 46 F.3d 645, 649 (7th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995).

### Allsteel's Violation of the WARN Act

The purpose of the WARN Act is to ensure that workers and their communities receive advance notice of the loss of employment so that they may begin the search for other employment or, if necessary, obtain training for another occupation. 20 C.F.R. § 639.1 (1996); *Alarcon v. Keller Industries, Inc.,* 27 F.3d 386, 389 (9th Cir.1994).

Employers are therefore required to give written notice of an impending plant closing or mass layoff no less than 60 days before the action is taken. 29 U.S.C. § 2102(a). Employers are expected to give the best information available to them at the time they give notice. *Oil, Chemical and Atomic Workers v. American Home*, 790 F.Supp. 1441, 1451 (N.D.Ind.1992).

■ An employer who has given notice under WARN may postpone the action announced in the prior notice, provided it gives additional notice. 20 C.F.R. § 639.10. Looking to the plain language of the regulations, in our opinion of June 7, 1995, we discerned the following requirements for additional notice under WARN: (1) the postponement must be less than 60 days, or else new notice is required, (2) the additional notice must be provided "as soon as possible," (3) the notice must be given to all of the parties who are regularly supposed to receive notice under WARN, (4) the notice must contain the date to which the action has been postponed and the reasons for the postponement, and (5) the notice must be given in a manner which will provide the notice to all affected employees. 20 C.F.R. § 639.10. Without deciding whether the oral notice of February 24, 1994, satisfied WARN in other respects, we held that Allsteel had violated WARN by failing to give additional notice as soon as possible. As the affidavit of Allsteel's Dan Cosgrove attested, he had a draft of a written additional WARN notice on or about February 15, 1994, at the time when Allsteel had decided to close the Auroa plant April 8, 1994. Cosgrove Affidavit, § 41. But Cosgrove did not deliver that notice, or give any proper notice to Local 1239 or its members, until April 6, 1994, only two days before the plant closing date.

In its present memorandum of law in opposition to Local 1239's motion for summary judgment, Allsteel attempts to create issues of material fact regarding its failure to give proper WARN notice. We do not find its arguments persuasive, nor do we find that there are any genuine issues of material fact that preclude us from granting summary judgment for Local 1239 on the WARN act violation.[1] Allsteel's contention that it did not control the timing of the plant closing rests upon specious reasoning about the contents of the arbitration award. While the award required Allsteel to *pay* its employees until April 8, the expiration date of the collective bargaining agreement, the arbitrator did not bar Allsteel from closing its plant or laying off its employees at any time. To suggest that the arbitrator and, by extension, Local 1239, controlled the timing of the plant closing strikes us as disingenuous, to use one of Allsteel's own words from its memorandum. Furthermore, Allsteel misses the mark by claiming that summary judgment is precluded because discovery is needed on disputed facts over "Local 1239's strategy, the purpose of the Union-initiated litigation, and the understanding of the parties." As the Supreme Court has noted, "Only disputes that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). None of these issues are relevant to Allsteel's own decision to give additional WARN notice when it did on April 6, and do not preclude us from granting summary judgment.

■ Similarly, Allsteel's contention that the dismissed employees are not "aggrieved" employees under the WARN Act misconstrues both the statute and this court's prior opinions in this case. As the Act clearly states, an aggrieved employee is an employee who has worked for the employer ordering the plant closing, and who did not receive timely notice as required by the Act. 29 U.S.C. § 2104(a)(7). Allsteel did not provide timely notice under the Act to its employees at the Aurora plant, because the notice was not provided as soon as possible.[2] Allsteel's

1. For these reasons, we disagree with Allsteel that further discovery is required on the 13 issues that it proposed at the end of its Statement of Additional Disputed Material Facts, §§ 57–69.

2. We acknowledge Local 1239's argument that notice was also ineffective because Allsteel failed to inform the International union, but we agree generally with the reasoning in *International Ass'n of Machinists v. General Dynamics Corp.*,

numerous contentions that disputed issues of material fact remain are erroneous, and do not deter us from granting partial summary judgment for Local 1239.

### Good Faith Defense to Allsteel's WARN Act Violation

■ An employer that has violated the WARN Act may avoid liability if it shows both that the act or omission constituting the violation was in good faith and that the employer "had reasonable grounds for believing that the act or omission was not a violation." 29 U.S.C. § 2104(a)(4). If the employer "proves to the satisfaction of the court" the good faith defense, the court "may, in its discretion, reduce the amount of the liability or penalty...." *Id.* As it did in its prior motion for summary judgment, Allsteel contends that it has a good faith defense to its WARN Act violation. However, we hold that the undisputed facts do not establish a good faith defense for Allsteel.

■ The WARN Act allows employers to base their notices on the best information available to them, excuses employers from the 60 day notice requirement where closings are due to circumstances that are not reasonably foreseeable, 29 U.S.C. § 2102(b)(2)(A), and requires notification as soon as practicable. 29 U.S.C. § 2102(b)(3); 20 C.F.R. § 639.10. Therefore, the WARN Act requires that interested parties be notified of plant closings when they become foreseeable, not when they are absolute certainties. As we noted in our earlier opinions, the draft WARN Act letter Cosgrove received from Allsteel's attorneys on February 15 stated that the closing date would be April 8, 1994. Also, on February 3, 1994, Cosgrove sent a letter to Local 1239 in which he stated that "the Aurora plant is scheduled to close in the near future," and acknowledged in his deposition that the April 8 closing date had been solidified in everyone's mind by February 3. These facts show that at least by February 15, and probably earlier, it was foreseeable that the plant would close on April 8 because Allsteel had formed the intent to close the plant on April 8. To have complied with the WARN Act, Allsteel should have notified Local 1239 of its intent to close the plant on April 8 as soon as it had formed that intent. It should not have waited until it was absolutely certain that it would be able to close the plant on April 8.

Likewise, if Allsteel had been acting in good faith it would not have delayed notifying Local 1239 of its intention to close the plant on April 8, 1996. In light of the following facts, Allsteel's delay in giving notice was unreasonable: (1) Allsteel had control over the timing of its "final" decision to close the plant; (2) Allsteel made the final decision on February 23, 1994, even though the company still had a question as to how it would be able to handle customer orders; (3) on February 24, 1994, Cosgrove informed Local 1239 that the closing would take place on April 8, 1994; (4) Cosgrove knew that if he did not give notice on or before February 25, 1994, Allsteel would have to issue a new 60 day WARN Act notice; and (5) Allsteel wanted "to issue a postponement notice, without having to issue a new 60 day WARN Act notice, because a new notice would not have permitted the plant closing until at least late April, 1994." These facts show that rather than making a good faith effort to inform Local 1239 as soon as it was foreseeable that the plant would close on April 8, 1994, Allsteel's efforts were directed solely at achieving its own goals with respect to the plant closing. We do not find that any of these undisputed facts have changed, even though it is Local 1239, instead of Allsteel, bringing this motion for summary judgment. Accordingly, we find that there is no genuine factual issue as to whether Allsteel has a valid "good faith" defense that prevents us from entering partial summary judgment for Local 1239 and against Allsteel on its WARN Act violation.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment on WARN Act liability is granted, and partial summary judgment on WARN Act liability will be entered against defendant Allsteel. A status

821 F.Supp. 1306, 1313 (E.D.Mo.1993), that such a violation does not separately give rise to

WARN Act damages.

hearing will be held on January 15, 1997 at 9:30 A.M. to discuss further proceedings on damages.